Brinkerhoef, C. I.
It has long been settled in this state, that in "the ease of ordinary sales of real estate upon execution under judgment or decree, growing crops of grain do not pass to the purchaser. Cassilly v. Rhodes, 12 Ohio, 88. And the single question arising on the record before us is, whether the same rule obtains in the case of a sale by a sheriff under proceedings in partition.
*We are urged, in the argument of this case, to review the *102 doctrine of Cassilly v. Rhodes, on the ground that it is against the general current of authority elsewhere.
If the holding of the court in that case had no foundation on reasons derived from the peculiar policy of our own legislation in respect to judicial sales of real estate, it might readily be conceded that the ease was decided against the current of authority elsewhere, and ought to have been decided the other way. As a general rule elsewhere, real estate is sold on execution without appraisement, and for whatever sum it will bring; while, in this state, it must first be appraised, and can not be sold for less than two-thirds-of its value as appraised. The decision in Cassilly v. Rhodes, rests-on the reasons that where lands are valued for judicial sales, the-value of growing crops is not included in the estimate; and that the debtor’s rights, therefore, can bo saved only by regarding the-annual crops as personalty, requiring a separate levy. These reasons, while they can have no application where no appraisement is-required, and no minimum is fixed below which the sale shall not be made, are yet, it seems to us, just and conclusive under the peculiarities of our own legislative policy.
Where lands are valued for judicial sales, the growing crops are■ not included in the estimate; indeed, generally, they can not be. Under our system, frequent advertisements and offers for sale, and, occasionally, revaluations are necessary, before a sale can be effected. When an appraisement is made, it can not be foreseen when a sale will be effected. It is not for the interest of any party, nor for the-public interest, that the land should thenceforth lie waste; then there may have been no crop sown or planted; but when the sale-comes to be made, there may be growing crops put into the ground in the meantime. If these passed by the sale, it would be unjust to the debtor, for they could not have been valued.
It is true that in Indiana, where statutory regulations *in respect to the sale of real estate upon execution are nearly identical with our own, it has been held that growing crops do pass to the purchaser at such sale. Jones v. Thomas, 8 Blackf. 428. But that case was apparently decided solely on the authority of cases adjudged where our system of appraisements was unknown, and without any consideration of the reasons, derived from peculiar legislation on the subject, on which Cassilly v. Bhodes was decided. With those reasons we are satisfied.
Sales made in partition are subject to regulations entirely similar *103 to those which govern sales on ordinary execution. The lands must be appraised, and can not be sold for less than two-thirds of their appraised value. And the same considerations which forbid us to hold that the growing crops pass to the purchaser in the one case, forbid it in the other.
We think there was no error in the judgment of the court below, and that it ought to be affirmed.

Judgment accordingly.

Scott, Sutliee, Peck, and G-holson, JJ., concurred.